UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-55-HRW

DEWAN L. ROBBINS                                                            PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

DENISE BLACK, ET AL.                                      DEFENDANTS

**** **** **** ****

Dewan L. Robbins, an individual presently confined in the Luther Luckett Correctional Complex in LaGrange, Kentucky, has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIM

The plaintiff claims that while he was incarcerated at another state prison, the Little Sandy Correctional Complex ("LSCC"), in the Eastern District of Kentucky, the defendants there deprived him of appropriate treatment for his serious medical needs.

DEFENDANTS

As the defendants, the plaintiff names the following persons at the Little Sandy Correctional Complex: Nurse Denise Black, Dr. Ronald Fleming, and Unit Directors Keith Helton and David Green. Capacity is not specified.

RELIEF REQUESTED

The plaintiff seeks damages.

FACTUAL ALLEGATIONS

Plaintiff has submitted a commonly used complaint form with several attachments. The following is a summary of the facts as presented therein.

Plaintiff's allegations start in 1987, when he was shot in the neck with "a Broad- head Razor Arrow," which left him paralyzed for 4-6 months and required surgery for pins and screws to be placed in the side of his neck. To date, this injury continues to cause him to suffer severe neck and back pain. He claims that upon his entry into the custody of the Kentucky Department of Corrections ("KDOC") in January of 2006, he informed the medical staff of this history.

After the LSCC medical personnel took x-rays, on March 6, 2006, a bottom bunk was prescribed for Robbins. The third document attached to the instant complaint is a "Bottom Bunk Assignment Form," which contains the March 6th date, has the plaintiff's name and prisoner number, and provides as follows:

> **The above named offender has been assigned a Bottom Bunk:**
> Permanent
>
> **Comments:**
> hx of neck injury, achilles tendon repair, and knee surgery

Attachment 3, signed by Sherry Mekelburg.

At some time shortly thereafter, however, Unit Director Helton purportedly told the plaintiff that he didn't care what his needs were and assigned him a top bunk, which he occupied from March until June or July of 2006. After returning from a trip for a court appearance, Robbins was placed in another housing unit, where the Unit Director was David Green and where Plaintiff was again

2

placed in a top bunk. The plaintiff alleges that when he advised Defendant Green of his medical prescription for a bottom bunk, Green told him to have the LSCC medical staff verify the prescription.

Plaintiff claims that Nurse Black and Dr. Fleming refused to verify that he was prescribed a bottom bunk, however. At some point, he obtained a bottom bunk, but in February of 2007, he had to relinquish that bed and cell because the institution wanted to house a father-son duo in the same cell. Again, Robbins was allegedly assigned an upper bunk.

On March 12, 2007, the plaintiff filed a grievance about the matter, and his first attachment to the complaint is a copy of this grievance, dated March 12th and given grievance number 115. He refers to the bottom bunk prescription as being attached and he asks for a bottom bunk assignment "at this facilities earliest convenience." The place for the institutional response is unsigned, but someone there has written as follows on March 19, 2007:

> KY HealthCare policies are follow at this facility to determine need for bottom bunk status MD does not fell [sic] there is a need at this time

Attachment #1.

Between the time when Robbins wrote Grievance # 115 and the time when he received the response to that grievance, a week later, a related incident occurred. On March 14, 2007, the plaintiff alleges, as he was attempting to climb onto his top bunk, the leg of the chair on which he was standing gave way. He fell, evidently backwards, to the floor and re-injured his neck and back. He was on the floor for approximately 20-30 minutes until medical personnel arrived. The facts about this incident are verified by two other inmates' attached affidavits.

Robbins states that on the day of his fall, x-rays were taken and he was given a shot for his pain in the medical department. He attaches two prescriptions which were also provided by the

Defendant Doctor on that same March 14th date. In one prescription Dr. Fleming orders that the plaintiff have a bottom bunk and soft neck brace for the next 7 days, and in the other he directs that Robbins do no work and have limited activity, "Sports Restricted, No Strenuous Activity, No Heavy Lifting," also for 7 days. However, according to the plaintiff, the one shot which he received on March 14th was all of the treatment he received for pain.

Purportedly, on the day following the fall and again on the third day, the plaintiff sought pain relief but was twice told none would be forthcoming. Therefore, on March 16, 2007, he filled out another grievance form, Number 116, which is also attached to the complaint herein. On this form, he describes his fall, relates his efforts to get pain relief and the institution's responses to them, and asks for "proper treatment." However, this grievance was returned three days later with the handwritten notation that it was being rejected because Robbins had already raised the same issue in Grievance No. 07-115. *See* Attachment #4.

The plaintiff claims that he was then[1] transferred out of the LSCC in an attempt to hinder his ability to appeal the grievance proceedings. His final attachment is a May 10, 2007 letter to the plaintiff from John D. Rees, KDOC Commissioner. It does not refer to either grievance #115 or #116 but refers to the plaintiff's "letter concerning your grievance you filed at the Little Sandy Correctional Complex." The Commissioner has written that Robbins had failed to appoint a representative to continue his grievance upon his removal from the LSCC, as is required by KDOC policy, and so "your grievance is now moot."

Fifteen days later, on May 25, 2007, Robbins filed the instant complaint and attachments.

---

[1] The plaintiff does not state when he was transferred. In his certificate of inmate account attached to support his motion to proceed *in forma pauperis*, a prison official at the new institution has provided information about Robbins' inmate account, with the note, "statement since 4/2/07."

4

ORDER

In light of the allegations presented herein, and the Court being otherwise advised,

**IT IS ORDERED** as follows:

(1) The defendants in this action are LSCC's Denise Black, Dr. Ronald Fleming, Keith Helton, and David Green, construed as being sued in their official and individual capacities.

(2) The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the complaint and Memorandum Opinion and Order herein to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have ten (10) days from the date of entry of this Order to complete and file a notice of waiver of service against any or all of the named defendants.

If a waiver is not filed within said ten (10) days, the Clerk of the Court shall notify the Pro Se Office.

(3) The answer or other response to the complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if service is required, the answer shall be filed no later than 20 days after service of summons.

(4) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge

or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 6th day of June, 2007.

Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge